TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

ANDREW W. INGERSOLL (CA Bar No. 221348)
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
andrew.ingersoll@usdoj.gov
Phone: (202) 514-1999
Facsimile: (202) 514-0097

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, CALIFORNIA<br><br>Defendant. | Civil No. **'22CV1753 JO   NLS**<br>Miscellaneous (Environmental)<br><br>**COMPLAINT** |

The United States of America, by the authority of the Attorney General of the United States, acting on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action brought against the County of San Diego, California ("Defendant") under the Comprehensive Environmental Response,

COMPLAINT - ORIGINAL

Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C.
§§ 9601 *et seq*. The United States seeks: (1) to recover from Defendant, under
CERCLA Sections 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a), 9613(g)(2), the
costs incurred and to be incurred by the United States in responding to releases or
threats of releases of hazardous substances at or from the Ramona Burn Dump Site
("Site"); (2) an order, under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a),
requiring Defendant to perform the response action selected in the Forest Service's
August 17, 2017 Removal Action Memorandum, and required by the Unilateral
Administrative Order ("UAO") issued to Defendant by the Forest Service under
CERCLA Section 106(a), 42 U.S.C. § 9606(a); and (3) to obtain fines from
Defendant, under CERCLA Section 106(b), 42 U.S.C. § 9606(b), based on its
failure to comply with the UAO.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action and
over the Defendant under 28 U.S.C. §§ 1331 and 1345 and Section 113(b) of
CERCLA, 42 U.S.C. § 9613(b).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C.
§ 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the
releases or threatened releases of hazardous substances that gave rise to these
claims occurred in this district, and because the Site is located in this district.

## THE PARTIES

4.    Plaintiff is the United States of America, acting on behalf of the
United States Department of Agriculture, Forest Service.

5.    Defendant is the County of San Diego, a political subdivision of the
state of California and is a "person" within the meaning of Section 101(21) of
CERCLA, 42 U.S.C § 9601(21).

2                    COMPLAINT - ORIGINAL

**STATUTORY BACKGROUND**

6.      CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a) and 9601(25).

7.      Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1) provides in pertinent part:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource)…

8.      Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat…. The President may also… take other action under this section including, but not limited to, issuing such orders as may be necessary to protect public health and welfare and the environment.

9.      Section 106(b)(1) of CERCLA, 42 U.S.C. § 9606(b)(1), provides:

> Any person who, without sufficient cause, willfully
> violates, or fails or refuses to comply with, any order of
> the President under subsection (a) may, in an action
> brought in the appropriate United States district court to
> enforce such order, be fined not more than $25,000 for
> each day in which such violation occurs or such failure to
> comply continues.

10.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and
> subject only to the defenses set forth in subsection (b) of
> this Section —
>
> (2) any person who at the time of disposal of any
> hazardous substance owned or operated any facility at
> which such hazardous substances were disposed of,
>
> *      *      *
>
> Shall be liable for –
>
> (A) all costs of removal or remedial action incurred by
> the United States Government... not inconsistent with the
> National Contingency Plan…

11.     Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any such action [for the recovery of costs referred to in
> Section 9607], the court shall enter a declaratory judgment on
> liability for response costs or damages that will be binding on
> any subsequent action or actions to recover further response
> costs or damages.

12.     For CERCLA response actions and enforcement purposes, the Secretary of the Department of Agriculture is the President's delegate, as provided

4                      COMPLAINT - ORIGINAL

in Executive Order 12580 (January 23, 1987), and, within certain limits, the Chief of the Forest Service has been re-delegated this authority, 7 C.F.R. § 2.60(a)(39), and the Chief's authority was re-delegated to Regional Foresters, pursuant to the Forest Service Manual 2164.04c, 2.l, effective November 10, 1994.

## GENERAL ALLEGATIONS

13.   The Site is located in San Diego County, in the Palomar Ranger District of the Cleveland National Forest, California.  It is in the southeast quarter of the northeast quarter of Section 34, Township 12 south, Range 1 east, San Bernardino Base Meridian, of the Public Land Survey System, within Assessor Parcel Number 244-100-17.

14.   The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9) because it is a location where municipal waste, including hazardous substances such as chromium, lead, dioxins and furans, came to be located.

15.   From 1947 to 1974, Defendant operated a burn dump at the Site, which had previously been vacant land, for the disposal of municipal trash and rubbish from the community of Ramona and surrounding County areas, pursuant to a special use permit issued by the Forest Service.

16.   During Defendant's operation of the burn dump, "hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including metals such as chromium, lead, dioxins and furans contained in municipal waste, came to be located at the Site.

17.   Because Defendant operated the burn dump when hazardous substances were disposed of at the Site, Defendant is a liable party within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

18.   Before the special use permit terminated on February 2, 1974, the County graded the Site and covered it with soil.

COMPLAINT - ORIGINAL

19.     The Site was identified following the Witch Creek wild fires in November 2007, when vegetation in the area was burned and waste debris and contaminated soil from the Site was exposed.

20.     In 2010, the Forest Service completed a Preliminary Assessment/Site Inspection ("PA/SI") of the Site to determine the nature and extent of Site contamination.

21.     Based on the PA/SI, the Forest Service has determined that Defendant's burn dump operations, which entailed burning municipal waste at the Site, resulted in "releases," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances into the environment.

22.     In 2014, the Forest Service conducted an Engineering Evaluation/Cost Analysis ("EE/CA") to develop and analyze removal action alternatives.

23.     Data collected as part of the PA/SI and EE/CA show elevated concentrations of heavy metals (antimony, arsenic, barium, cadmium, chromium, cobalt, copper, lead, nickel, selenium, and zinc), dioxins, and furans (the "Site Contamination") in the waste debris and burn ash-contaminated soils in exposed un-vegetated soils at the Site.

24.     The release and threat of release of hazardous substances from erosional features and drainage emanating from the Site poses threats to public health, welfare and the environment.

25.     Elevated concentrations of arsenic, cobalt, lead, and dioxins and furans that exceed human health screening level thresholds are present in exposed un-vegetated near surface soils at the Site.

26.     Elevated concentrations of Site Contamination that exceed ecological soil screening levels are present in exposed un-vegetated near surface soils at the Site.

COMPLAINT - ORIGINAL

27.     The Site Contaminants include potential hazardous substances or pollutants or contaminants as defined by Sections 101(14) and 101(33) of CERCLA, 42 U.S.C. § 9601(14) and (33), including antimony, arsenic, barium, cadmium, chromium, cobalt, copper, lead, nickel, selenium, zinc, and dioxins and furans.

28.     On August 17, 2017, the Forest Service issued a Removal Action Memorandum ("Action Memorandum") that selected a non-time-critical removal action to address Site Contamination and any continued release of contaminants in soils at the Site.

29.     On March 8, 2022, under the authority of Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the Forest Service issued a Unilateral Administrative Order ("UAO") to Defendant, requiring it to complete the remedy selected in the Removal Action Memorandum based on a finding that the releases of hazardous substances at the site may constitute an imminent and substantial endangerment to the public health or welfare or the environment.

30.     To date, Defendant has willfully violated, and failed and refused to comply with, the UAO.

## FIRST CLAIM FOR RELIEF
### (Liability for Response Costs Under CERCLA Sections 107(a) and 113(g)(2))

31.     Paragraphs 1 to 30 are realleged and incorporated herein by reference.

32.     To protect the public health, welfare and the environment from the actual or threatened release of hazardous substances into the environment from the Site, the Forest Service, under Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), has undertaken response actions with respect to the Site that are not inconsistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300, including, but not limited to, investigations, monitoring, assessing, testing, and enforcement related activities.

COMPLAINT - ORIGINAL

33.     As a result of the releases or threatened releases of hazardous substances at or from the Site, the United States has incurred and will continue to incur response costs, within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases or threatened releases of hazardous substances at the Site.

34.     Through April 2022, the United States has incurred approximately $290,000 in unreimbursed response costs at the Site.

35.     Under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as the operator of the Site at the time of disposal of hazardous substances, Defendant is liable to the United States for response costs incurred regarding the Site.

36.     Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that is binding as to Defendant's liability in any future action for further response costs incurred by the United States.

## SECOND CLAIM FOR RELIEF
### (Injunctive Relief Under Section 106 of CERCLA)

37.     Paragraphs 1 to 30 are realleged and incorporated herein by reference.

38.     The President, through his delegate, the Chief of the Forest Service, has determined that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release or threatened release of hazardous substances at or from the Site.

39.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate a danger or threat at the Site.

40.     The United States, through the Forest Service's Action Memorandum, selected response actions that are necessary to abate the dangers and/or threats caused by hazardous substances at the Site.

41.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Defendant, as the operator of the Site at the time of disposal of hazardous substances, is liable to perform the response actions identified in the Action Memorandum, which are necessary to abate the danger or threat presented by a release or a threatened release of hazardous substances into the environment at or from the Site.

## THIRD CLAIM FOR RELIEF
**(Fine for Failure to Comply with Unilateral Administrative Order)**

42.     Paragraphs 1 to 30 are realleged and incorporated herein by reference.

43.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the President to issue such orders as may be necessary to protect public health and welfare and the environment.  That authority has been delegated to the Forest Service.

44.     On March 8, 2022, the Forest Service issued the UAO to Defendant requiring it to perform the work selected in the Action Memorandum.  The UAO became effective on March 15, 2022.

45.     In the UAO, the Forest Service determined that Site conditions may present an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release at the Site.

46.     As of the date of this complaint, Defendant has not provided the Forest Service with a notice of its intent to comply with the UAO, and has, without sufficient cause, willfully violated or failed or refused to comply with the UAO.

47.     Under Section 106(b)(1) of CERCLA, 42 U.S.C. § 9606(b)(1), any person who, without sufficient cause, willfully violates or fails or refuses to comply with any order of the President under CERCLA Section 106(a), shall be subject to a fine for each day in which such violation occurred or such failure to comply continued.

COMPLAINT - ORIGINAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States respectfully requests that this Court:

a.      Enter judgment in favor of the United States, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding Defendant liable for all unreimbursed costs incurred by the United States regarding the Site, including interest thereon;

b.      Enter a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendant is liable in any future action for further response costs, including interest thereon;

c.      Order Defendant, pursuant to Section 106(a) of CERCLA, to perform the response actions identified in the Action Memorandum and required by the UAO;

d.      Award the United States fines pursuant to Section 106(b)(1) of CERCLA, 42 U.S.C. § 9601(b)(1), for each day of noncompliance with the UAO; and,

e.      Grant such other and further relief as the Court deems appropriate.


Respectfully submitted,


Dated: November 9, 2022          TODD KIM
                                 Assistant Attorney General
                                 U.S. Department of Justice
                                 Environment & Natural Resources Division



                                 __ s/ Andrew W. Ingersoll _____
                                 Attorney for Plaintiff
                                 ANDREW W. INGERSOLL
                                 Environmental Enforcement Section
                                 Environment & Natural Resources

                        10              COMPLAINT - ORIGINAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone:  (202) 514-1999
Facsimile:   (202) 514-0097
Email:        andrew.ingersoll@usdoj.gov

COMPLAINT - ORIGINAL