TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

ANDREW W. INGERSOLL (CA Bar No. 221348)
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
andrew.ingersoll@usdoj.gov
Phone: (202) 514-1999
Facsimile: (202) 514-0097

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, CALIFORNIA<br><br>Defendant. | Civil No. 3:22-cv-01753-JO-NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO ENTER CONSENT DECREE**<br><br>[L.R. 7.1]<br><br>Oral Argument Not Required |

The United States submits this memorandum of points and authorities in support of its motion to enter the Consent Decree that was lodged in this matter on April 7, 2023 (ECF Nos. 8-1 to 8-3). The Consent Decree resolves the United States' pending claims against Defendant County of San Diego, California ("County") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*. Under the terms of the

Consent Decree, the County will undertake a non-time-critical removal action to remedy contamination at the Ramona Burn Dump Site ("Site") caused by the disposal of hazardous substances, reimburse the United States Department of Agriculture, Forest Service ("Forest Service") $398,091.92 in past response costs relating to the Site and reimburse the Forest Service for future response costs.

For the reasons set forth below, the United States submits that this Court should enter the Consent Decree.

## I. BACKGROUND

### A. The Ramona Burn Dump and the Complaint

This case arises out of soil contamination caused by a long-closed municipal burn dump. Under use permits issued to it by the Forest Service from approximately 1947 through 1974, the County operated the former Ramona Burn Dump ("Burn Dump") for the disposal of trash and rubbish from the community of Ramona and surrounding County areas. ECF No. 1 (Complaint) ¶ 15. Burn Dump operations resulted in the disposal of hazardous substances, within the meaning of CERCLA, including, but not limited to, metals such as chromium, lead, dioxins and furans. *Id*. ¶ 16.

Waste disposal at the Burn Dump ceased in approximately 1969, and the use permit was formally terminated on February 2, 1974, after the County graded the area and covered it with a layer of soil. *Id*. ¶ 18. Following wildfires in 2007, Burn Dump waste and contaminants were exposed. *Id*. ¶ 19.

Forest Service investigations determined that the exposed waste debris and soils at the Site were subject to erosion and contained elevated concentrations of heavy metals, dioxins and furans, and that certain of these exceeded either or both human health and ecological screening levels. *Id*. ¶¶ 23-26. Based in part on these determinations, the Forest Service issued a Removal Action Memorandum ("Action Memo"; ECF No. 8-2), that selected a non-time-critical removal action to address Site contamination and any continued release of contaminants in soils at

the Site (Complaint ¶ 28). Following the Action Memo, the Forest Service issued a Unilateral Administrative Order ("UAO") to the County, under 42 U.S.C. § 9606(a), requiring it to perform the selected removal action. *Id*. ¶ 29.

The complaint alleges, in pertinent part, that the County is liable as a potentially responsible party under 42 U.S.C. §§ 9606(a) and 9607(a) and should be ordered to reimburse Forest Service costs of responding to the contamination at the Site and to abate the endangerment created by the hazardous substances at the Site.

### B. The Consent Decree

The proposed Consent Decree would resolve the County's liability to the United States as alleged. Consent Decree ¶ 47. It provides for injunctive relief, in the form of undertaking the work necessary to address Site contamination, *id*. Section VI and Attachment B, requires the County to reimburse $398,091.92 in past Forest Service costs, *id*. ¶ 22, and pay future Forest Service costs, *id*. ¶ 23. In exchange, the Consent Decree provides a covenant not to sue to the County under Sections 106 and 107(a) of CERCLA. *Id*. ¶ 40.

## II. LEGAL STANDARD

The standard for approval of a CERCLA federal settlement is whether it is "reasonable, fair, and consistent with the purposes that CERCLA is intended to serve." *United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 743 (9th Cir. 1995) (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 85 (1st Cir. 1990)) ("*Cannons II*"), and legislative history) (internal quotations omitted). Approval of a settlement is committed to the informed discretion of the district court. *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). Such discretion should be "exercised in light of the strong policy in favor of voluntary settlement of litigation." *United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027, 1035 (D. Mass. 1989) ("*Cannons I*"), *aff'd*, *Cannons II*. CERCLA has explicit provisions

favoring settement. 42 U.S.C. §§ 9622(a), 9622(d)(1); *see also Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 971 (9th Cir. 2013).

Courts defer to agency expertise when reviewing a proposed settlement. *Cannons I*, 720 F. Supp. at 1035. That deference is "strengthened when a government agency charged with protecting the public interest 'has pulled the laboring oar in constructing the proposed settlement,'" as the Forest Service, along with the Department of Justice, has done here. *Montrose*, 50 F.3d at 746 (*quoting Cannons II*, 899 F.2d at 84). A reviewing court should not substitute its own judgment as to optimal settlement terms for the judgment of the litigants and their counsel. *United States v. Akzo Coatings of Amer., Inc.*, 949 F.2d 1409, 1425 and n.12 (6th Cir. 1991). Rather, the Court should approve the settlement if it determines that the settlement is fair and reasonable, and resolves the controversy in a manner consistent with the public interest. *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983). In conducting its review, the court may not modify the terms of the parties' agreement – it may only approve or reject the settlement as a whole. *Officers for Justice v. Civil Service Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

### III. THE COURT SHOULD ENTER THE CONSENT DECREE

The proposed Consent Decree is fair, reasonable, and consistent with CERCLA. The Parties agree the settlement "has been negotiated by the Parties in good faith, that implementation of this Decree will expedite the cleanup of the Site and will avoid prolonged and complicated litigation between the Parties, and that this Decree is fair, reasonable, in the public interest, and consistent with CERCLA." ECF No. 8-1, ¶ 10.

#### A. The Consent Decree is Procedurally and Substantively Fair

Fairness entails both procedural and substantive fairness. *Montrose*, 50 F.3d at 746. Generally speaking, courts find procedural fairness where the settlement was negotiated at arm's-length among experienced counsel. *See*, *id.* (deference

should be given to "'affected parties . . . represented by experienced lawyers, [who] have hammered out an agreement at arm's length and advocate its embodiment in a judicial decree'") (internal quotation and citation omitted).  Here, the settlement resulted from a negotiation process in which the parties were represented by counsel, as evinced by the signature pages in the Consent Decree.  The Consent Decree terms were negotiated via a series of discussions and the exchange of numerous proposed drafts.

With respect to substantive fairness, the *Cannons* court emphasized that, so long as the United States selects a reasonable method of resolving the parties' liability and supports that resolution with a plausible explanation, it will be accorded substantial deference.  *Cannons II*, 899 F.2d at 87-88.  In the Ninth Circuit, courts often consider the comparative fault of the settling party compared to its settlement amount.  *See Montrose*, 50 F.3d 746-47.  When courts evaluate a settlement for violations of environmental statutes, the effect of the consent decree on the public should also be a fairness factor.  *Akzo*, 949 F.2d at 1435.  The Court should not seek to determine whether the proposed settlement provides for "every benefit that might someday be obtained in contested litigation."  *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 850 (5th Cir. 1975).

The terms of the proposed Consent Decree demonstrate its substantive fairness.  The Consent Decree requires the County to undertake work that the Forest Service determined is necessary to remedy Site contamination, Consent Decree Section VI, and to reimburse the Forest Service all of its claimed past and future costs related to the Site, *id*. Section VIII.  This is substantively fair given the County's role as the sole operator of the Burn Dump and the fact that federal taxpayers will not be left to bear the cleanup costs.  It is also consistent with the public's interest in prioritizing remediation of contaminated CERCLA sites.

### B. The Consent Decree is Reasonable and Serves the Goals of CERCLA

The Consent Decree is both reasonable and accomplishes the primary objectives of CERCLA by ensuring cleanup work is undertaken and costs are paid by the party responsible for the contamination instead of federal taxpayers.

A court addressing the reasonableness of a CERCLA consent decree must first consider "the decree's likely efficaciousness as a vehicle for cleansing the environment." *Cannons II*, 899 F.2d at 89; *see also Calif. Dept. of Toxic Substances Control v. Mid Valley Dev., Inc.*, 2011 WL 13366014, *1 (E.D. Cal. July 29, 2011) (*citing Cannons II*, 899 F.2d at 89-90). The reviewing court should also consider whether the consent decree "adequately compensates the public for the costs of response and remediation" and the reasonableness of the decree given the parties' relative positions in litigation. *Cannons II*, 899 F.2d at 89; *Mid Valley Dev.*, 2011 WL 13366014, at *1.

CERCLA's purposes are three-fold: (1) to remedy the effect of hazardous substances in the environment; (2) to ensure that the cost of those actions are borne to the extent possible by those who caused the releases and profited from them; and (3) to encourage settlement of CERCLA claims. *Akzo Coatings*, 949 F.2d at 1418; *Cannons II*, 899 F.2d at 90-91; 42 U.S.C. §§ 9613(f), 9622(a).

The Consent Decree requires the County, as the responsible party, to conduct a removal action to address hazardous substances, and to reimburse the Forest Service for its past response costs and pay its future costs. It is both consistent with CERCLA and in the public interest in that this settlement avoids litigation and spares taxpayer resources as well as the resources of the County and the Court. The reasonableness of the settlement is reflected in the full cleanup of the Site, and the United States' compromise of statutory fines for failure to comply with the UAO both reflects the risk inherent in litigation and the Forest Service's budgetary constraints.

    **C.**    **No Comments Were Received and the Decree is Ripe for Entry**

The public was afforded an opportunity to comment on the proposed Consent Decree. Pursuant to 28 C.F.R. § 50.7 and to Paragraph 64 of the Consent Decree, the Department of Justice published a notice of the lodging in the Federal Register, soliciting public comments for a period of thirty (30) days. 88 Fed. Reg. 23,098 (April 14, 2023). The comment period has now closed, and no comments were received.

    **D.**    **Entry of Final Judgment**

Entry of the Consent Decree will constitute entry of final judgment in this matter. *Consent Decree* ¶ 67.

**IV.**    **CONCLUSION**

The Consent Decree fully resolves the claims alleged in Plaintiff's Complaint through implementation of the removal action and reimbursement of the Forest Service's response costs. Therefore, the Court should grant this motion by signing the lodged Consent Decree (ECF Nos. 8-1 to 8-3) at page 27 and enter it as a final judgment in this matter. Because the instant motion is unopposed, Plaintiff requests it be deemed submitted and ruled on without the need for a hearing.

DATE: May 25, 2023                Respectfully submitted,

UNITED STATES OF AMERICA

  /s/   Andrew W. Ingersoll
ANDREW W. INGERSOLL
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-1999
andrew.ingersoll@usdoj.gov